UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| FABRICIO GIL ESPAÑA,<br> Petitioner,<br><br>v.<br><br>MICHAEL NESSINGER, *Acting Field Office Director*; MICHAEL KROL, *HIS New England Special Agent in Charge*; TODD LYONS, *Acting Director U.S. Immigration and Customs Enforcement*; and KRISTI NOEM, *U.S. Secretary of Homeland Security*,<br> Petitioners. | No. 26-cv-014-JJM-PAS |

ORDER

  Last month, on January 7, 2026, Immigration and Customs Enforcement ("ICE") officers arrested and detained Fabricio Gil España, a citizen of El Salvador, when he appeared for his asylum interview with the U.S. Citizenship and Immigration Services ("USCIS") in Boston, Massachusetts. ECF No. 1 at 9. Mr. España was transferred to the Donald W. Wyatt Detention Facility in Central Falls, Rhode Island, and he subsequently filed a petition for a writ of habeas corpus in which he challenged the legality of his detention. *Id.* at 10-13.

  Finding his detention to be unlawful, the Court granted Mr. España's petition and ordered that the Government immediately release him from detention and provide him with a bond hearing before an Immigration Judge ("IJ"). *See* Text Order (Jan. 16, 2026). Mr. España's bond hearing was conducted on January 22, 2026, and

the IJ denied his request for release on bond after finding that he presented a danger to the community by clear and convincing evidence. *See* ECF No. 8 at 1. Notably, ICE officials did not take Mr. España back into custody following the hearing. *See* ECF No. 12 at 1-2. Nor does the record suggest that ICE placed any monitoring devices or conditions of release on Mr. España.

Now pending before the Court is Mr. España's Motion to Enforce the judgment entered by this Court in his favor. ECF No. 11. He seeks relief that is prospective in nature, that is, an order preventing ICE from re-detaining him in the future based on the IJ's bond denial. ECF No. 12 at 2-3; ECF No. 14 at 3.

The Court cannot grant Mr. España the relief he seeks. In order to grant a habeas petition under 28 U.S.C. § 2241, a petitioner must be "*in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) (emphasis added). It is true that "custody" is not limited to physical imprisonment. *See Jones v. Cunningham*, 371 U.S. 236, 239 (1963) ("[I]n the United States the use of habeas corpus has not been restricted to situations in which the applicant is in actual, physical custody."). Indeed, in the immigrant context, courts have found the "in custody" requirement to be met where, even though ICE has released the noncitizen from detention, the agency has still subjected them to monitoring measures or other conditions of release.[1] *See, e.g., Orellana Juarez v. Moniz*, 788 F.

---

[1] Conditions of release can include but are not limited to: (1) requiring the noncitizen to wear a GPS ankle monitor; (2) requiring the noncitizen to report for regular check-ins with ICE; (3) allowing ICE to enter the noncitizen's residence for home visits; (4) imposing a curfew on the noncitizen; and (5) geographically restricting where the noncitizen can travel. *See Orellana Juarez v. Moniz*, 788 F.

Supp. 3d 61, 67-68 (D. Mass. 2025); *Hogarth v. Santacruz*, No. 5:25-cv-09472-SPG-MAR, 2025 WL 3211461, at *13 (C.D. Cal. Oct. 23, 2025); *Khabazha v. U.S. Immigr. & Customs Enf't*, No. 25-cv-5279 (JMF), 2025 WL 3281514, at *3 (S.D.N.Y. Nov. 25, 2025); *A.B.D. v. Wamsley*, No. 6:25-cv-02014-AA, 2026 WL 178306, at *8 (D. Or. Jan. 22, 2026).

In this case, ICE has released Mr. España from custody and has not—as far as the Court is aware—imposed any monitoring measures or other conditions of release on him. Should ICE take him back into custody or place any other restrictions on his liberty, Mr. España is free to pursue appropriate relief in this Court. For now, however, the Court is constrained in the relief it can grant Mr. España.

For these reasons, the Court will DENY Mr. Espana's Motion to Enforce without prejudice. ECF No. 11.

IT IS SO ORDERED.

*s/John J. McConnell, Jr.*

---

JOHN J. MCCONNELL, JR.
Chief Judge
United States District Court

February 23, 2026

---

Supp. 3d 61, 67-68 (D. Mass. 2025); *see also Ali v. Napolitano*, No. 12-cv-11384, 2013 WL 3929788, at *4 (D. Mass. July 26, 2013).